ANNA M. GRANNEMANN and ESTHER L. GRANNEMANN, Infants, by CHRISTIAN ROTHMYER, their Guardian ad Litem, Respondents, v. LOUISE H. GRANNEMANN, Individually and as Special Guardian of ANNA M. GRANNEMANN and Others, Appellant, Impleaded with ARTHUR E. GRANNEMANN and LENA MAY GRANNEMANN, Respondents.

*Costs — what allowance should be made where the rights of two infant plaintiffs and two infant defendants are identical.*

Where an equity action in relation to real estate is brought by two infants whose rights are identical with two infant defendants who might have been made parties plaintiff, and the infant plaintiffs and the infant defendants appear by separate attorneys, a full allowance of costs to both the infant plaintiffs and the infant defendants, aggregating $1,500, or ten per cent of the amount involved, is excessive and will be reduced to $750, to be divided equally among the infant plaintiffs and the infant defendants.

APPEAL by the defendant Louise H. Grannemann, individually and as special guardian of Anna M. Grannemann and others, from a judgment of the Supreme Court in favor of the plaintiffs and the defendants Arthur E. Grannemann and Lena May Grannemann, entered in the office of the clerk of the county of Schenectady on the 27th day of July, 1903, upon the decision of the court rendered after a trial before the court without a jury at the Schenectady Trial Term.

The action was brought on behalf of the plaintiffs and the defendants Arthur E. Grannemann and Lena May Grannemann, infants, for the purpose of recovering certain real estate which had been acquired by the defendant Louise H. Grannemann in proceedings instituted by her as guardian of said infants, for the sale of real estate belonging to the infants, and for an accounting by Louise H. Grannemann of the proceeds of the sale of portions of said real estate, which had been acquired by third parties, and for a reconveyance to said infants of all that portion of said real estate not sold to third parties.

*Judson S. Landon* and *Robert J. Landon*, for the appellant.

*C. C. Van Kirk* and *A. J. Dillingham*, for the plaintiffs, respondents.

*Edwin C. Angle*, guardian ad litem, for the defendants, respondents.

PER CURIAM:

We discover no error in this record that will justify a reversal. In respect to costs, however, we think there should be a modification.

The action is brought by two infant plaintiffs whose rights and interests are identical with those of their brother and a half sister, the two infant defendants. If all had been plaintiffs, as well they might have been, there would have been no need of their appearing by separate attorneys, and no ground for an application for an allowance of costs to two sets of parties whose interests were alike and could as well have been protected by a single attorney. The court has made a full allowance of costs to the infant plaintiffs and also to the infant defendants. These aggregate $1,500, or ten per cent of the amount involved. We think, under the circumstances of this case, that an allowance of five per cent on the amount involved, to be equally divided between the infant plaintiffs and the infant defendants, is adequate, and also that all costs should be paid out of the fund.

The judgment should be modified accordingly.

All concurred.

Judgment modified by reducing extra allowance of costs to the plaintiffs to $375, and to infant defendants to $375, and by making all costs as modified payable out of the fund. The judgment as so modified affirmed, with costs of appeal to appellant payable out of the fund.